# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MAXWELL TYLER HARDOBY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00474 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HOWARD W. CLARK, DIRECTOR** | ) | By: James P. Jones |
| **VIRGINIA DEPT. OF CORRECTIONS,** | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Maxwell Tyler Hardoby, Pro Se Petitioner.*

Petitioner Maxwell Tyler Hardoby, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that his term of confinement under a state court criminal judgment has been miscalculated without the maximum amount of good conduct time available under Virginia law. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice, because Hardoby has not exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a

ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the state courts and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Hardoby indicates on the face of his petition that he has not filed a petition for a writ of habeas corpus in any state court, raising his current claims. As such, Hardoby has not yet exhausted available state court remedies as required under § 2254(b). He may file a habeas petition in the Supreme Court of Virginia, or in the circuit court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Therefore, I must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies.[1] If Hardoby is dissatisfied with the outcome of his state court habeas proceedings, he may then file a § 2254 petition in this court.

A separate Final Order will be entered herewith.

DATED: October 12, 2016

/s/ James P. Jones
United States District Judge

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, I may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."